UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS LONGHINI, an individual,

    Plaintiff,

v.      Case No: 2:17-cv-255-FtM-29MRM

INFINITE 9035 LLC, a Florida limited liability company,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Reply in further support of his Motion for Summary Judgment (Doc. #48) filed on June 5, 2018. The Court previously took plaintiff's Motion for Summary Judgment (Doc. #41) under advisement pending a response from plaintiff regarding Article III standing in light of Kennedy v. Beachside Commercial Properties, --- F. App'x ---, 2018 WL 2024672 (11th Cir. May 1, 2018), and further briefing as to whether this matter is now moot due to defendant's remediation of the property at issue. Because the Court finds that plaintiff does not have standing, it will not address summary judgment.

**I.**

On May 10, 2017, plaintiff Douglas Longhini (Longhini) filed a Complaint alleging violations of Title III of the Americans with Disabilities Act (ADA). (Doc. #1.) As alleged in plaintiff's

Complaint, Longhini, a resident of Miami-Dade County, Florida, is disabled as defined by the ADA and uses a wheelchair to ambulate. (Id., ¶ 10.)  On March 5, 2018, Longhini visited the America's Best Value Inn & Suites in Punta Gorda, Florida and encountered barriers to access.  (Id., ¶ 11.)  Plaintiff "visited the property as a hotel guest and intends to return to the property to avail himself of the goods and service offered to the public at the property; Plaintiff is domiciled in the same state as the property; has frequented the Punta Gorda area and the America's Best Value Inn & Suites hotel location for pleasure purposes, and intends to return to the property on or before next Summer."  (Id., ¶ 12.) Plaintiff also states that he "wishes to continue his patronage and use of the premises in the near future" and "desires to visit the property soon, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination."  (Id., ¶¶ 14, 17.)  The specific barriers to access are in non-exhaustive list at paragraph 19 of the Complaint.  Plaintiff does not allege that he was acting as a "tester" for ADA accommodations in this case, but he does state that he is acting to ensure compliance with the ADA on his behalf and other similarly situated.  (Id., ¶ 17.)

**II.**

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. Id. at 976 (citing Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003)).

The "irreducible constitutional minimum" of standing consists of three elements: Plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The party invoking federal jurisdiction bears the burden of establishing these elements. Id. at 1547. Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. Id.

"The 'injury-in-fact' demanded by Article III requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" Houston v. Marod Supermarkets,

Inc., 733 F.3d 1323, 1329 (11th Cir. 2013) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)). See also Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001). The injury-in-fact element is at issue here - that is, Longhini must show a real and immediate threat of future injury.

The Supreme Court has explained that to successfully establish a threat of future injury, a plaintiff must demonstrate more than an intent to return to the place responsible for the initial injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 563–64 (1992). "Such 'someday' intentions — without any description of concrete plans, or indeed even any specification of when the someday will be — do not support a finding of the 'actual or imminent' injury that our cases require." Id. at 564. To separate someday intentions from concrete plans in the ADA context, courts have turned to four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1222–23 (M.D. Fla. 2012) (citing Fox v. Morris Jupiter Assocs., No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007)).

**III.**

In his response in support of standing, plaintiff argues that he has standing because he visited the hotel once before filing this lawsuit, again on April 26, 2018 (at the mediation of this case), and has a reservation to stay at the hotel on June 19, 2018 for one night. (Doc. #48, pp. 2-3; Doc. #48-3, ¶ 4.) Plaintiff submits his Affidavit (Doc. #48-3) in further support of these assertions.

In Kennedy v. Beachside Commercial Properties, --- F. App'x ---, 2018 WL 2024672 (11th Cir. May 1, 2018), the Eleventh Circuit found that plaintiff's singular visit to defendant's business and generalized intent to return to the area sometime in the future did not confer standing to seek injunctive relief under the ADA. Id. at *3-4. In reaching its decision, the court considered that plaintiff lived approximately 175 miles away from the area and visited defendant's store only one time before filing the complaint. Id. at *3. On May 29, 2018, the Eleventh Circuit issued a similar decision in Kennedy v. Solano Enterprises, Inc., --- F. App'x ---, 2018 WL 2411761 (11th Cir. 2018). In that case, the court found that plaintiff had not shown that she would suffer an actual or imminent injury in the future because she lived 170 miles from the business, and had only visited the business once before filing the lawsuit and a second time after she filed suit. Id. at *2. The second visit did not weigh in her favor because

"courts determine standing at the time of filing; thus, the second visit is immaterial." Id. (cf. Houston, 733 F.3d at 1328 (finding that plaintiff's past patronage of the business helped establish standing because he did return to the property before filing his lawsuit). See also Lujan, 504 U.S. at 571, n.4 (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) (" . . .a plaintiff cannot retroactively create jurisdiction based on post-complaint litigation conduct."). The court also noted that a general allegation of intent to return to the business in the future when it is ADA compliant is insufficient absent concrete plans to return. Id. at *2.

In this case, plaintiff, a Miami-Dade resident, lives a similar distance from the hotel located in Punta Gorda, Florida, and makes similar allegations as to his visits and intent to return. (Doc. #1, ¶¶ 11-12; Doc. #41-1, ¶¶ 3-4; Doc. #48-3, ¶¶ 4-6.) Looking to the Complaint (Doc. #1), Longhini visited the hotel once prior to filing the lawsuit wherein he encountered the violations. (Id., ¶ 12.) Because plaintiff has only alleged a single visit to defendant's business before filing, he has not demonstrated that he is a frequent patron of defendant's business. As in Kennedy v. Solano, plaintiff generally states that he will return to the property and "intends to return to the property on or before next summer" (id., ¶¶ 12, 17); however, he must show more than "someday intentions" to return at an unspecified time in

the future.  Lujan, 504 U.S. at 564.  Therefore, plaintiff has not demonstrated a sufficiently definite plan to return.  Finally, although plaintiff states that he frequents the Punta Gorda area for pleasure purposes (id., ¶ 14), this alone would not end the standing analysis as "no single factor is dispositive."  Houston, 733 F.3d at 1337 n.6.  "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury."  Id.

Here, based on the totality of plaintiff's allegations, plaintiff has not met his burden to show a plausible threat that he will face future discrimination by defendant.  Thus, plaintiff does not have standing to seek prospective, injunctive relief against defendant.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Complaint (Doc. #1) is **dismissed without prejudice** for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this _11th_ day of June, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record